IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMMERCE AND INDUSTRY<br>INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>vs.<br><br>PREMIER COMMUNICATIONS, INC.,<br><br>           Defendant. | Case Number CIV-10-167-C |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff issued a Workers' Compensation and Employers Liability Insurance Policy (the Policy) in favor of Defendant on August 1, 2006. The Policy expired on August 1, 2007. Defendant paid $1,562,115.00 for services rendered by Plaintiff under the policy. As per the terms of the Policy, Plaintiff conducted an audit of all records relating to the Policy and issued an Audit Advice Summary on January 10, 2008, indicating that the additional premium to be paid by Defendant totaled $2,188,390.00. Plaintiff sent an invoice to this effect to Defendant on January 11, 2008. On January 28, 2008, Defendant indicated that it disputed the audit findings. Plaintiff commenced a re-audit on May 16, 2008, but subsequently closed the audit when Defendant failed to provide records supporting its dispute. Plaintiff filed the present Complaint on February 18, 2010, asserting a breach of contract claim and seeking an additional premium of $2,188,390.00 plus interest.

Plaintiff subsequently filed a Motion for Summary Judgment. According to Defendant, summary judgment is inappropriate because a factual dispute remains. Specifically, Defendant contends that Plaintiff improperly classified a number of its

employees as "radio, television, video, and audio employees" rather than "clerical office employees." The former category of employees have higher workers' compensation insurance rates than the latter, and Defendant argues that the premium requested by Plaintiff is therefore inflated and inappropriate.

### STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c)(2). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 plain(2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

2

The Supreme Court noted that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court went on to explain that, in this situation, there could be no genuine issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

## DISCUSSION

In order to recover on its breach of contract claim, Plaintiff must prove the following: "(1) formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach." Digital Design Group, Inc. v. Information Builders, Inc., 2001 OK 21, ¶ 33, 24 P.3d 834, 843 (Okla. 2001). Here, the parties appear to agree that a valid contract was formed. Rather, the dispute centers on whether Defendant actually breached the contract and, if so, the damages resulting from that breach.

In opposition to Plaintiff's motion for summary judgment, Defendant attached an affidavit executed by Mark Matthews, who served as Defendant's controller before the company ceased doing business. In his affidavit, Mr. Matthews states that a substantial part of the additional premium requested by Plaintiff is based upon its reclassification of a number of "clerical employees," treating them instead as "radio, television, video, and audio employees," who have higher workers' compensation insurance rates. Defendant argues that

3

this reclassification is inappropriate and, therefore, that the additional premium Plaintiff requests is excessive.

In reply, Plaintiff argues that the time for Defendant to dispute the audit findings has passed. During the re-audit, Plaintiff requested information to support Defendant's assertion that certain employees were improperly classified. The Policy required Defendant to keep records of all information necessary to compute the premium and to provide such information to Plaintiff as needed for audit purposes. Plaintiff argues that Defendant did not fulfill its contractual obligations when it failed to provide Plaintiff with the information necessary to conduct a re-audit.

Viewing the evidence in the light most favorable to Defendant, the Court finds that a factual dispute remains regarding the additional premium assessed by Plaintiff. The evidence submitted by Plaintiff indicates that Defendant has already paid $1,562,115.00 in connection with services rendered pursuant to the Policy. Whether an additional premium is owed cannot be determined as a matter of law based solely upon the evidence currently before the Court.

In addition, Plaintiff's argument that Defendant cannot now dispute the audit findings because it failed to cooperate in the re-audit process was only clearly presented in Plaintiff's reply brief, and as such it will not be considered by the Court. See United States v. Mora, 293 F.3d 1213, 1216 (10th Cir. 2002) ("we [do not] consider arguments raised for the first time in a reply brief."). Moreover, even if the Court were to consider this argument, the

evidence presented thus far is insufficient for the Court to find that no factual dispute remains. Accordingly, Plaintiff is not entitled to summary judgment at this time.

## CONCLUSION

As set forth more fully herein, Plaintiff's Motion for Summary Judgment (Dkt. No. 15) is DENIED.

IT IS SO ORDERED this 2nd day of August, 2010.

ROBIN J. CAUTHRON
United States District Judge